**Javier MENDEZ–PACHECO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–74675.**

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

Javier Mendez-Pacheco, Anaheim, CA, pro se.

Ronald E. Lefevre, Chief Counsel, San Francisco, CA, Mark C. Walters, Esq., Anh–Thu P. Mai, Esq., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

**MEMORANDUM ***

Javier Mendez–Pacheco, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's order denying his motion to reopen removal proceedings after he was ordered removed in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Bhasin v. Gonzales,* 423 F.3d 977, 983 (9th Cir.2005), and we deny the petition for review.

The BIA did not abuse its discretion in determining that Mendez–Pacheco's motion to reopen was untimely and did not warrant equitable tolling. *See* 8 C.F.R. § 1003.23(b)(4)(ii) (requiring a motion to reopen based on "exceptional circumstances" to be filed within 180 days after the date of the in absentia order). Even assuming that Mendez–Pacheco did not receive the original order of removal, it is undisputed that he filed his motion to reopen almost ten months after he received a "bag and baggage" letter informing him that he had been ordered removed to Mexico. *See Socop–Gonzalez v. INS,* 272 F.3d 1176, 1193–94 (9th Cir.2001) (en banc) (holding that deadline for filing a motion to reopen was tolled until petitioner became aware that his final order of deportation had become effective).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

To the extent that Mendez–Pacheco argues he is eligible for equitable tolling because he was defrauded by a nonlawyer, Mendez–Pacheco failed to explain why his motion to reopen was filed more than nine months after he retained new counsel. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003) (holding that if asserted facts concerning prior counsel's malfeasance were proven true, deadline for filing motion to reopen would not begin to run until day that petitioner met with new counsel).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.